

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ZA:MW
F.#2015R01313

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 9, 2016

<u>By Hand and ECF</u>

The Honorable William F. Kuntz II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

   Re: United States v. Ali Saleh
     <u>Criminal Docket No. 15-517 (WFK)</u>

Dear Judge Kuntz:

   The government respectfully submits this letter in advance of the March 10, 2016 status conference in the above-captioned matter.  On March 1, 2016, counsel for the defendant filed a motion requesting that the Court direct the Bureau of Prisons ("BOP") to transfer the defendant to FMC Butner, a federal medical center, for "comprehensive psychiatric evaluation and treatment."  Docket Entry No. 39.   For the reasons stated below, the government does not object to this request.

   Determinations of a defendant's competency are governed by 18 U.S.C. § 4241.  This statute provides that a defense attorney or attorney for the government may file a motion for a hearing to determine the competency of a defendant.  18 U.S.C. § 4241(a).  Such motions shall be granted if "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  <u>Id.</u>  Before any competency hearing takes place, the Court may order that a defendant undergo a "psychiatric or psychological examination" and that a report of that evaluation be filed with the Court.  18 U.S.C. § 4241(b).

   While the government notes that there is no basis in the record to question the defendant's competence at this stage, the government does not object to defense counsel's request that the defendant undergo a mental health evaluation.  The defendant's conduct, including his refusals to meet with defense counsel and a psychiatrist, may be the result of

his intentional obstruction of the proceedings in this case.  An evaluation and report by a BOP psychologist or psychiatrist could help to determine the underlying cause of the defendant's behavior. Accordingly, the government requests that the Court order that the defendant be transferred to a BOP facility that performs psychiatric or psychological evaluations consistent with the provisions of 18 U.S.C. § 4241, including, but not limited to, FMC Butner.  The government further requests that any evaluation of the defendant be completed within 30 days and that the report be filed with the Court within a reasonable time thereafter.  A proposed order is enclosed.

                          Respectfully submitted,

                          ROBERT L. CAPERS
                          United States Attorney

By:       /s/
                          Saritha Komatireddy
                          Melody Wells
                          Assistant U.S. Attorneys
                          (718) 254-6054/6422

cc:    Susan G. Kellman, Esq. (by ECF)