RMT:ML/SK/PB
F.#2015R01313

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ALI SALEH,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

15 CR 517 (S-1) (WFK)

## <u>GOVERNMENT'S REQUESTS TO CHARGE</u>

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

Saritha Komatireddy
Margaret Lee
Peter Baldwin
Assistant U.S. Attorneys

## PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the attached instructions in its charge to the jury.   The Government requests leave to offer such additional instructions as may become appropriate during the course of the trial.

REQUEST NO. 1

General Requests

The Government requests that the Court charge the jury in its usual manner on

the following subjects:

(a)    Function of the Court, the Jury, and Counsel;

(b)    Equality of the Prosecution and the Defense before the Court;

(c)    Presumption of Innocence;

(d)    Burden of Proof and Reasonable Doubt;

(e)    Function of the Indictment and What Is Not Evidence;

(f)    Direct Evidence and Circumstantial Evidence;

(g)    Exhibits and Translations of Documents;

(h)    Acts and Declarations of Co-Conspirators;

(i)    Stipulations (if applicable);

(j)    Inferences Drawn from the Evidence;

(k)    Use of Charts and Summary Exhibits;

(l)    Legality of Evidence;

(m)    All Available Evidence Need Not Be Produced;

(n)    Specific Law Enforcement Techniques Not Required;

(o)    Objections;

(p)    Credibility of Witnesses;

(q)    Testimony of Defendant (if applicable);

(r)    No Inference to be Drawn From Defendant's Failure to Testify (if applicable);

2

(s)    Jury's Right to See Exhibits and Have Testimony Read During Deliberations;

(t)    Meaning of "And" in the Indictment;

(u)    Dates in Indictment Are Approximate;

(v)    Questioning Wisdom of Law or Basing Verdict on Sympathy or Prejudice Prohibited; and

(w)    Considerations of Punishment Not the Province of the Jury.

3

REQUEST NO. 2

Knowing and Intentional Conduct

Each of the charges implicates the concepts of knowledge and intent.   As a general rule, the law holds individuals accountable only for conduct in which they intentionally engage.

A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.   Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

A person acts intentionally when he acts deliberately and purposefully.   That is, the defendant's acts must have been the product of his conscious objective rather than the product of a mistake or accident.   It is sufficient that the defendant intentionally engaged in conduct which the law forbids.   The government is not required to prove that a defendant is aware of the law that actually forbids his conduct.

Authority

Sand et al., Modern Federal Jury Instructions ("Sand"), Form
Instructions 3A-1 and 3A-4; Charge of the Hon. Brian Cogan in
United States v. Harun, 12-CR-134 (BMC).

4

<u>REQUEST NO. 3</u>

<u>Counts One, Two and Three:</u>
<u>Attempted Provision of Material Support to a Foreign Terrorist Organization</u>

Counts One, Two and Three of the Indictment charge the defendant with

attempting to provide material support to a foreign terrorist organization.

Count One of the Indictment reads as follows:

> In or about and between August 2014 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ALI SALEH, together with others, did knowingly and intentionally attempt to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), including personnel, including himself, to a foreign terrorist organization, to wit: the Islamic State of Iraq and Levant.

Count Two of the Indictment reads as follows:

> In or about October 2014, within the Eastern District of New York and elsewhere, the defendant ALI SALEH, together with others, did knowingly and intentionally attempt to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), including personnel, to a foreign terrorist organization, to wit: the Islamic State of Iraq and Levant.

Count Three of the Indictment reads as follows:

> In or about and between July 2015 and August 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ALI SALEH, together with others, did knowingly and intentionally attempt to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), including personnel, including himself, to a foreign terrorist organization, to wit: the Islamic State of Iraq and Levant.

The statute relevant to Counts One, Two and Three is Section 2339B(a)(1) of Title 18,

United States Code, which reads in relevant part:

> Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so [is guilty of a crime].

5

To prove a violation of Counts One, Two or Three, the government must establish each of the following elements beyond a reasonable doubt:

First, that the defendant attempted to provide material support or resources;

Second, that the defendant attempted to provide it to a foreign terrorist organization, specifically the Islamic State of Iraq and the Levant, which I will refer to as ISIL;

Third, that the defendant did so knowingly and intentionally; and

Fourth, that there was federal jurisdiction over the offense.

Let me explain these elements in more detail.

First Element – Material Support or Resources

The first element you must find beyond a reasonable doubt is that the defendant attempted to provide material support or resources.   I will return to the concept of attempt momentarily.   Material support or resources can take the form of personnel.   The term personnel means one or more persons, which can include a defendant's own person. The defendant can be convicted for a violation of this statute in connection with attempting to provide personnel if you find that he has knowingly attempted to provide one or more individuals, which may include himself, to work under ISIL's direction or control.

Second Element – Foreign Terrorist Organization

The second element you must find beyond a reasonable doubt is that the defendant attempted to provide this support or these resources to a foreign terrorist organization, specifically ISIL, and that ISIL had at the time been designated a foreign terrorist organization by the United States Secretary of State.   I instruct you as a matter of law that ISIL has been designated a foreign terrorist organization by the United States

6

Secretary of State, and was so designated by the Secretary under a previous name "Jam'at al Tawhid wa'al-Jihad" on October 15, 2004.   I instruct you that on May 15, 2014, the Secretary of State amended the designation to add the alias Islamic State of Iraq and the Levant as the primary name of this foreign terrorist organization, and added the following aliases to the ISIL designation, among others: Islamic State of Iraq and al-Sham, Islamic State of Iraq and Syria, Daesh, and Dawla al Islamiya.   Consequently, if you find beyond a reasonable doubt that the defendant attempted to provide material support or resources to ISIL, during the period charged in the indictment, the government's burden with respect to this element has been met.

<u>Third Element – Knowing and Intentional</u>

The third element you must find beyond a reasonable doubt is that in attempting to provide material support or resources to ISIL, the defendant did so knowingly and intentionally.   I previously explained to you the definitions of "knowingly" and "intentionally."   For this element to be satisfied, the Government must prove that the defendant knew one of the following three things: (1) that ISIL had been designated by the Secretary of State as a "foreign terrorist organization"; (2) that ISIL engaged in "terrorist activity"; or (3) that ISIL engaged in "terrorism."

For these purposes, the term "terrorist activity" includes any of the following actions:

1.   Hijacking or sabotage of an aircraft, vessel, vehicle, train, or other conveyance;

2.    Seizing, detaining, or threatening to kill, injure or further detain another person to compel or coerce some third party, including a government, to do or abstain from doing some act;

3.    A violent attack upon an internationally protected person, including employees and officials of governments or international organizations;

4.    Assassination;

5.    Use of any chemical, biological, or nuclear weapons or device, with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property;

6.    Use of any explosive, firearm, or other weapon or dangerous device, other than for monetary gain and with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; or

7.    A threat, attempt, or conspiracy to do any of the foregoing.

For these purposes, the term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by sub-national groups or clandestine agents.

<u>Fourth Element – Federal Jurisdiction</u>

The fourth element you must find beyond a reasonable doubt is that there was federal jurisdiction over the offense.   There if federal jurisdiction over the offense if the government proves one of the following: (1) the defendant is a national of the United States; (2) the offense occurs in whole or in part within the United States; or (3) the offense occurs in or affects interstate or foreign commerce.   With respect to the third option, the government need prove only that there was a minimal effect on interstate or foreign

8

commerce.   Any effect, even an indirect or slight one, is sufficient, and that effect may be harmful or beneficial to interstate or foreign commerce.

You may find that this element is satisfied under any one of these three theories.   However, you must be unanimous as to at least one of the theories.

**Attempt to Commit a Crime**

Now, let me explain what it means to attempt to commit a crime.   These are attempt charges.   The defendant is charged with attempting to provide material support to a foreign terrorist organization.   He is not charged with actually providing it, just attempting to do so.   In order to prove an attempt, the government must prove beyond a reasonable doubt:

First, that the defendant intended to commit the crime of providing material support or resources to a foreign terrorist organization; and

Second, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt.   In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other.   Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt.

9

The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.   A defendant may be convicted of attempt even where significant steps necessary to carry out the substantive crime are not completed.

<u>Authority</u>

Adapted from Charge of the Hon. Nicholas Garaufis in <u>United States v. Pugh</u>, 15-CR-116 (NGG); Charge of the Hon. John Gleeson in <u>United States v. Kaziu</u>, 09-CR-660 (JG).

10

REQUEST NO. 4

<u>Testimony of Government Employees</u>

During the trial, you heard testimony from government employees, including law enforcement officers.

The fact that a witness is or was a government employee does not mean that his or her testimony is entitled to any greater weight.   By the same token, the witness's testimony is not entitled to less consideration simply because he or she is a government employee.

You should consider the testimony of government employees just as you would consider any other evidence in the case and evaluate their credibility just as you would that of any other witness.   After reviewing all the evidence, you will decide whether to accept the testimony of Government employee witnesses, and what weight, if any, that testimony deserves.

<u>Authority</u>

Adapted from Charge of the Hon. Nicholas G. Garaufis in <u>United States v. Micheal Ledee</u>, 11-CR-175 (NGG), and the Charge of Hon. I. Leo Glasser in <u>United States v. Buntin McPherson</u>, 90-CR-896 (ILG).

11

REQUEST NO. 5

<u>Expert Testimony</u>

In this case, I have permitted certain expert witnesses to express their opinions about matters that are at issue.   A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.   Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.   You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case.   You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.   Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

<u>Authority</u>

Adapted from Charge of the Hon. Nicholas Garaufis in <u>United States v. Pugh</u>, 15-CR-116 (NGG).

12

CONCLUSION

The Government respectfully requests that the Court include the foregoing in its instructions to the jury.

Dated: Brooklyn, New York
February 9, 2018

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:        /s/
Saritha Komatireddy
Margaret Lee
Peter Baldwin
Assistant United States Attorneys

13