1

1          UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF NEW YORK
2
   - - - - - - - - - - - - - - - -X
3  UNITED STATES OF AMERICA,      : 15-CR-517 (WFK)
                                  :
4         Plaintiff,              :
                                  : United States Courthouse
5        -against-               : Brooklyn, New York
                                  :
6  ALI SALEH,                     :
                                  : Tuesday, July 24, 2018
7         Defendant.              : 10:00 a.m.
   - - - - - - - - - - - - - - - -X
8

9       TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
       BEFORE THE HONORABLE WILLIAM F. KUNTZ, JR.
10          UNITED STATES DISTRICT JUDGE

11

12            A P P E A R A N C E S :

13 For the Government:      RICHARD P. DONOGHUE, ESQ.
                            United States Attorney
14                          Eastern District of New York
                            271 Cadman Plaza East
15                          Brooklyn, New York 11201
                            BY:  SARITHA KOMATIREDDY, ESQ.
16                               MARGARET E. LEE, ESQ.
                                 ASSISTANT UNITED STATES ATTORNEYS
17

18 For the Defendant:      ANTHONY L. RICCO, ESQ.
                            20 Vesey Street
19                          Suite 400
                            New York, New York 10007
20
                            STEVE ZISSOU & ASSOCIATES
21                          42-40 Bell Boulevard
                            Suite 302
22                          Bayside, New York 11361
                            BY:  STEVEN ZISSOU, ESQ.
23
                            MICHAEL K. BACHRACH, ESQ.
24                          224 West 30th Street
                            Suite 302
25                          New York, New York 10001

Proceedings                                    2

1          A P P E A R A N C E S  (C O N T I N U E D)

2

3   Court Reporter:      DAVID R. ROY, RPR
                         225 Cadman Plaza East
4                        Brooklyn, New York 11201
                         drroyofcr@gmail.com
5

6   Proceedings recorded by Stenographic machine shorthand,
    transcript produced by Computer-Assisted Transcription.
7

8               P R O C E E D I N G S

9                      --oo0oo--

10          (In open court.)

11          THE COURTROOM DEPUTY:  Criminal cause for a

12  pleading, Docket Number 15-CR-517, USA versus Saleh.

13          Counsel, please come forward, state your

14  appearances for the record, and spell your first and last

15  names for the court reporter.

16          MS. KOMATIREDDY:  Good morning, Your Honor,

17  Saritha Komatireddy for the United States.  I'm joined by

18  Margaret Lee.  My name is spelled S-A-R-I-T-H-A; last name,

19  K-O-M-A-T-I-R-E-D-D-Y.

20          THE COURT:  Good morning, Counsel.  You may be

21  seated.

22          MS. LEE:  And my name is spelled M-A-R-G-A-R-E-T,

23  L-E-E.  Good morning, Your Honor.

24          THE COURT:  Good morning, Counsel.  Please be

25  seated.

```
                        Proceedings                        3
```

 1              MR. RICCO:  Yes, Your Honor, Anthony Ricco and

 2     Michael Bachrach for Ali Saleh, who will be walking in

 3     shortly.  Anthony, A-N-T-H-O-N-Y; Ricco, R-I-C-C-O.  Good

 4     morning, Your Honor.

 5              THE COURT:  Good morning, sir.

 6              MR. BACHRACH:  Good morning, Your Honor,

 7     Michael Bachrach; M-I-C-H-A-E-L, B-A-C-H-R-A-C-H.

 8              THE COURT:  Good morning, sir.

 9              MR. ZISSOU:  Good morning, Your Honor,

10     Steve Zissou; S-T-E-V-E, Z-I-S-S-O-U.

11              THE COURT:  Good morning, sir.

12              And do we have an interpreter here; do we need an

13     interpreter for this?

14              THE COURTROOM DEPUTY:  No, Your Honor.

15              MR. RICCO:  No, Your Honor.

16              THE COURT:  Okay.  Thank you.  You may be seated,

17     Counsel.

18              MR. RICCO:  Yes, sir.  Thank you.

19              THE COURT:  And we're waiting for the defendant to

20     be brought in.

21              (Pause in proceedings.)

22              MR. RICCO:  Your Honor, can we have just one brief

23     moment?

24              THE COURT:  Yes, you may have one moment --

25              MR. RICCO:  Thank you, Your Honor.

```
                         Proceedings                    4
```

1           THE COURT:  -- with your client, of course.

2           MR. RICCO:  Thank you very much.

3           THE COURT:  Of course.

4           (Pause in proceedings.)

5           MR. RICCO:  We're ready to proceed, Your Honor.

6           THE COURT:  Thank you very much, Mr. Ricco.

7           Mr. Jackson, would you please swear in the

8    defendant.

9           THE COURTROOM DEPUTY:  Yes, Your Honor.

10          Sir, would you please stand and raise your right

11   hand?

12          (Pause in proceedings.)

13          THE COURTROOM DEPUTY:  Can you -- please raise

14   your right hand.

15          MR. RICCO:  He's actually...

16          (Pause in proceedings.)

17          MR. RICCO:  Could I just see the Government for

18   one quick second, Your Honor?

19          THE COURT:  Why?

20          MR. RICCO:  No.  I'll take that back, Your Honor.

21   The defendant is prepared to affirm.

22          THE COURT:  Yes, it will be swear or affirm.

23          MR. RICCO:  Yes.

24          THE COURT:  All right.

25          MR. RICCO:  Okay.

Proceedings                                        5

1              THE COURT:  We will ask him to raise his right

2       hand.

3              (Pause in proceedings.)

4              THE COURT:  Let's do this again.  Would you please

5       raise your right hand, sir; can you do that?

6              Raise your right hand.

7              Do you solemnly swear or --

8              THE DEFENDANT:  No, I don't swear --

9              THE COURT:  -- affirm --

10             THE DEFENDANT:  No, I do not swear.

11             THE COURT:  Do you solemnly affirm that the

12      testimony you are about to give is true --

13             THE DEFENDANT:  Yes.

14             THE COURT:  -- honest, and accurate?

15             THE DEFENDANT:  Yes, yes.

16             THE COURT:  All right.  Please be seated.

17      A L I   S A L E H,

18             called as a witness having been first duly

19             affirmed, was examined and testified as

20             follows:

21             THE COURT:  Mr. Saleh, I'm going to begin by

22      asking you a few questions about your background, so use

23      your microphone when you respond to my questions.  All

24      right?

25             THE DEFENDANT:  Yes.

```
                    Proceedings                    6
```

1            THE COURT:  Good.

2            How old are you?

3            THE DEFENDANT:  Twenty-five.

4            THE COURT:  When were you born?

5            THE DEFENDANT:  '92.

6            THE COURT:  Where were you born?

7            THE DEFENDANT:  Jamaica, Queens.

8            THE COURT:  Sir, describe your educational

9    background.

10            THE DEFENDANT:  I got through college.

11            THE COURT:  What college?

12            THE DEFENDANT:  City of LaGuardia.

13            THE COURT:  And when did you go to City of

14   LaGuardia?

15            THE DEFENDANT:  I have no idea.

16            MR. RICCO:  Excuse me --

17            THE COURT:  You don't know what -- excuse me.

18            You don't know what year you went to school?

19            THE DEFENDANT:  No, I do not.

20            THE COURT:  Okay.  Have you taken any drugs, any

21   medicine, any pills, or consumed any alcohol in the past

22   24 hours?

23            THE DEFENDANT:  No.

24            THE COURT:  Do you understand what is happening

25   today?

```
                       Proceedings                    7
```

1          THE DEFENDANT:  Yes.

2          THE COURT:  Defense Counsel, do you have any doubt

3   as to the defendant's competence to proceed at this time?

4          MR. RICCO:  None whatsoever, Your Honor.

5          THE COURT:  Madam Prosecutor, do you have any

6   doubt as to the defendant's competence to proceed at this

7   time?

8          MS. KOMATIREDDY:  No, Your Honor.

9          THE COURT:  The Court hereby finds based on the

10  defendant's representations and the representations of all

11  Counsel of Record that the defendant is competent.

12          The Court has marked the Superseding Indictment S1

13  as Court Exhibit 1 for identification.

14          May I have a motion to admit it into evidence from

15  the Government?

16          MS. KOMATIREDDY:  The Government so moves.

17          THE COURT:  Any objection?

18          MR. RICCO:  No, sir.

19          THE COURT:  The Superseding Indictment S1 is now

20  entered into evidence as Court 1.

21          (Court's Exhibit S1 received in evidence.)

22          THE COURT:  Does the Government waive the reading

23  of the Superseding Indictment?

24          MS. KOMATIREDDY:  We do, Your Honor.

25          THE COURT:  Does the defense waive the reading of

Proceedings                                8

1    the Superseding Indictment?

2              MR. RICCO:  Yes, Your Honor.  Thank you.

3              THE COURT:  All right.  Thank you.  It's admitted

4    and the reading is waived.

5              Now, do the parties have a signed copy of the plea

6    agreement to hand up to the Court?

7              MR. RICCO:  Yes.

8              THE COURT:  Hand it to Mr. Jackson, please, my

9    courtroom deputy.

10             THE COURTROOM DEPUTY:  Thank you.

11             MR. BACHRACH:  Thank you.

12             THE COURTROOM DEPUTY:  It's signed.

13             THE COURT:  I have a copy of the signed plea

14    agreement in this case.  It has been marked as

15    Court Exhibit 2 for identification.

16             May I have a motion from the Government to have

17    Court 2 admitted into evidence, please.

18             MS. KOMATIREDDY:  The Government so moves.

19             THE COURT:  Any objection?

20             MR. RICCO:  No, sir.

21             THE COURT:  It's admitted.

22             (Court's Exhibit 2 received in evidence.)

23             THE COURT:  The plea agreement reads as follows --

24    it's in evidence as Court 2.  "Pursuant to *Rule 11 of the*

25    *Federal Rules of Criminal Procedure,* the United States

Proceedings                                        9

1   Attorney's Office for the Eastern District of New York, 'the

2   Office,' and Ali Saleh, 'the Defendant,' agree to the

3   following:

4            One:  The defendant will plead guilty to Count 2

5   and Count 3 of the above-captioned Superseding Indictment

6   charging violations of *18 United States, Code 2339(b)*.  The

7   counts carry the following statutory penalties.

8            Count 2:  Attempt to Provide Material Support or

9   Resources to a Designated Foreign Terrorist Organization:

10           (A)  Maximum term of imprisonment 15 years,

11  *18 U.S.C., Section 2339(b)(A)(1);*

12           (B)  Minimum term of imprisonment none, *18 U.S.C.,*

13  *Section 2339(b)(A)(1);*

14           (C)  Maximum supervised release term, life.  The

15  following term of imprisonment:  If the condition of release

16  is violated, the defendant may be sentenced up to two years

17  without credit for pre-release imprisonment or time

18  previously served on postrelease supervision, *18 U.S.C.,*

19  *Section 2339(b)(A)(1), 385, 3583(b), (e) and (j);*

20           (D)  Maximum fine $250,000, *18 U.S.C.,*

21  *Section 3571(b)(3);*

22           Restitution, not applicable;

23           (F)  $100 special assessment, *18 U.S.C.,*

24  *Section 3013.*

25           Count 3:  Attempt to Provide Material Support or

1   Resources to a Designated Terrorist Organization:

2           (A)  Maximum term of imprisonment, 20 years,

3   *18 U.S.C., Section 2339(b)(A)(1);*

4           (B)  Minimum term of imprisonment, none,

5   *18 U.S.C., Section 2339(b)(A)(1);*

6           (C)  Maximum supervised release term, life.  The

7   following term of imprisonment:  If a condition of release

8   is violated, the defendant may be sentenced to up to two

9   years without credit for prerelease imprisonment or time

10  previously served on postrelease supervision, *18 U.S.C.,*

11  *Sections 2339(b)(A)(1), 3583(b), (e) and (j);*

12          (D)  Maximum fine, $250,000, *18 U.S.C.,*

13  *Section 3571(b)(3);*

14          Restitution, not applicable;

15          (F)  $100 special assessment, *18 U.S.C.*

16  *Section 3013.*

17          The sentences imposed on these counts may run

18  consecutively.

19          (2)  The defendant understands that although the

20  imposition of a sentence in accordance with the

21  United States Sentencing Guidelines is not mandatory, the

22  guideline are advisory, and the Court is required to

23  consider:  (A)  Applicable guideline provision, as well as

24  other factors enumerated in *18 U.S.C., Section 3553(a),* to

25  arrive at an appropriate sentence in this case.

1            The Office will advise the Court and the probation

2    department of information relevant to sentencing, including

3    criminal activity engaged in by the defendant, and such

4    information may be used by the Court in determining the

5    defendant's sentence.  See *18 U.S.C., Section 3661*.  Quote,

6    "No limitation shall be placed on the information concerning

7    the background, character, and conduct of the person

8    convicted of an offense which a Court of the United States

9    may receive and consider for the purpose of imposing an

10   appropriate sentence.", close quote.

11           The Office estimates the likely adjusted offense

12   level under the guideline to be 40, which is predicated on

13   the following guideline calculation, base offense level,

14   *U.S.S.G. Section 2M5.3(a)26*.  Plus revision of material

15   support or resources with the intent, knowledge, or reason

16   to believe they were to be used to commit or assist in the

17   commission of a violent act, U.S.S.G. Section 2M5.3(b)18

18   plus two; plus, terrorism enhancement, *U.S.S.G. 3A1.4(a)*

19   plus 12, totals 40.

20           If the defendant clearly demonstrates acceptance

21   of responsibility through allocution and subsequent conduct

22   prior to the imposition of sentence, a two-level reduction

23   will be warranted pursuant to *U.S.S.G., Section 3E1.1(a)*

24   resulting in an offense -- adjusted offense level of 38 and

25   a range of imprisonment of 360 months to life, assuming that

Proceedings                                            12

1    the defendant falls in a Criminal History Category 6.

2           Furthermore, the defendant has accepted

3    responsibility as described above to the satisfaction of the

4    Office, and if the defendant pleads guilty on or before

5    August 1st of 2018, an additional one-level reduction will

6    be awarded pursuant to *U.S.S.G., Section 3E.1.B,* resulting

7    in an adjusted offense level of 36.  This level carries a

8    range of imprisonment of 360 months to life, assuming that

9    the defendant falls within Criminal History Category 6.

10   However, because of the statutory maximum sentence, the

11   effective guidelines range is 360 to 420 months.

12          The defendant stipulates to the above guidelines

13   calculation.  The defendant also consents to a life term of

14   supervised release.  The defendant also agrees to undergo a

15   threat assessment by a qualified professional selected by

16   the Office prior to sentencing, if in the office's judgment

17   such a threat assessment is warranted.

18          Three:  The guidelines estimate set forth in

19   Paragraph 2 is not binding on the Office, Probation

20   Department, or the Court if the guidelines offense level

21   advocated by the Office is determined by the probation

22   department or the Court if for any reason, including an

23   error in the estimate, is different from the estimate, the

24   defendant will not be entitled to withdraw the plea, and

25   the Government will not be deemed to have breached this

Proceedings                                                13

1    agreement.

2         Four:  The defendant agrees not to file an appeal

3    or otherwise challenge by petition, pursuant *28 U.S.C.,*

4    *Section 2255* or any other provision, the conviction or

5    sentence in the event that the Court imposes a term of

6    imprisonment of 420 months or below.  This waiver is binding

7    without regard to the sentencing analysis used by the Court.

8    The defendant waives all defenses based on the statute of

9    limitations and venue with respect to any prosecution that

10   is not time barred on the basis this agreement is signed in

11   the event that:  (A)  The defendant's conviction is later

12   vacated for any reason; (B)  The defendant violates this

13   agreement; or (C)  The defendant's plea is later withdrawn.

14        Nothing in the foregoing waiver of appellate and

15   collateral review of rights shall preclude the defendant

16   from raising a claim of ineffective assistance of counsel in

17   an appropriate forum.  The defendant waives any right to

18   additional disclosure from the Government in connection with

19   the guilty plea.  The defendant agrees that with respect to

20   all charges referred to in Paragraphs 1 and 5(a), he is not

21   a prevailed party within the meaning of the *Hyde Amendment,*

22   *18 U.S.C., Section 3006*(a), and will not file any claim

23   under that law.  The defendant agrees to pay the special

24   assessment by check payable to the Clerk of the Court at or

25   before sentence.

Proceedings                                            14

1      Five:  The Office agrees that:  (A)  No further

2   criminal charges will be brought against the defendant or

3   attempting to provide material support and resources to the

4   Islamic State of Iraq and the Levant, as charged in the

5   Superseding Indictment and being understood that this

6   agreement does not bar the use of such conduct as a

7   predicate act or is the basis for a sentencing enhancement

8   in a subsequent prosecution, including, but not limited to,

9   a prosecution pursuant to *18 U.S.C., Sections 1961,*

10  *et sequentia*, and at the time of sentence it will move to

11  dismiss the remaining counts of the Superseding Indictment

12  and any underlying indictment with prejudice, and based upon

13  the information now known to the Office.  It will (B), take

14  no position concerning where within the guidelines range

15  determined by the Court the sentence should fall; and (C),

16  make no motion for an upward departure under the sentence

17  guidelines.  If information relevant to sentencing is

18  determined by the Office becomes known by the Office after

19  the date of this agreement, the Office will not be bound by

20  Paragraph 5(b) and 5(c).

21      Should it be judged by the Office that the

22  defendant has violated any provision of this agreement, the

23  defendant will not be released from his plea of guilty, but

24  this Office will be released from its obligations under this

25  agreement, including, but not limited to:  (A), moving for

Proceedings                                    15

1   the additional one-level downward adjustment for timely

2   acceptance of responsibility described in Paragraph 2 above;

3   and (B), the provisions of Paragraphs 5(a) through (c).

4          Six:  This agreement does not bind any Federal,

5   State, or Local Prosecuting Authority, other on than the

6   Office, and does not prohibit the Office from initiating or

7   prosecuting any civil or administrative proceeding directly

8   or indirectly involved with the defendant.

9          Seven:  Apart from any written proffer agreement,

10  if applicable, no promises, agreements, or conditions have

11  been entered into by the parties, other than those set forth

12  in this agreement, and none will be entered into unless

13  memorialized in writing and signed by all parties apart from

14  any written proffer agreements, if applicable.  This

15  agreement supersedes all prior promises, agreements, or

16  conditions between the parties.  To become effective, this

17  agreement must be sign by all signatories listed below."

18         Dated Brooklyn, New York, July 24th, 2018, signed

19  by Saritha Komatireddy, Margaret Lee, Alexander Mindlin,

20  Assistant United States Attorneys, on behalf of Richard P.

21  Donoghue, the United States Attorney for the

22  Eastern District of New York, who by Richard M. Tucker is

23  the Supervising Assistant U.S. Attorney.  It's signed by the

24  Defendant Ali Saleh, and above his signature, it says, "I

25  have read the entire agreement and discussed it with my

Proceedings                                16

1   attorney.  I understand all of its terms and am entering

2   into it knowingly and voluntarily."  And it's been approved

3   as to form by Defense Counsel, Steven Zissou, Anthony Ricco,

4   Michael Bachrach, Counsel to the Defendant.

5           Have I read the plea agreement, which is in

6   evidence as Court 2, accurately?

7           MS. KOMATIREDDY:  Yes, Your Honor.

8           MR. RICCO:  Yes, Your Honor, you read it --

9           THE COURT:  Thank you, Mr. Jackson.

10          Thank you very much.

11          Mr. Saleh, unless Counsel wishes to be heard or

12  has an objection, the Court believes we may now turn to the

13  final procedures for taking your plea in this case.

14          Your attorneys has advised this Court that you

15  wish to plead guilty to Count 2 and Count 3 of the

16  Superseding Indictment, S1, pursuant to the plea agreement

17  which I have just read.

18          Do you need me to read the plea agreement to you

19  again?

20          THE DEFENDANT:  No.

21          THE COURT:  Do you need me to read the

22  Superseding Indictment out loud?

23          THE DEFENDANT:  No.  No.

24          THE COURT:  I say again, sir, this is a serious

25  decision and I must be certain that you make and understand

Proceedings                                    17

1   your rights and the consequence of your plea.

2          Do you understand that having affirmed to tell the

3   truth to this Court, you must do so.  If you were to lie to

4   this Court deliberately in response to any question I ask

5   you, you would face further criminal charges of perjury, or

6   making a false statement.

7          Do you understand, sir?

8          THE DEFENDANT:  Yes.

9          THE COURT:  All right.  If you need me to repeat

10  anything, you have only to ask, sir.   It is important that

11  you understand everything that is going on in these

12  proceedings here today.

13         Is that clear to you, sir?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Mr. Saleh, I must be certain that

16  whatever decision you make today, you make with a clear

17  head, so I am going to ask you some questions about your

18  health.

19         Are you presently or have you recently been under

20  the care of a doctor, psychiatrist, physician, or

21  psychologist of any kind for any reason?

22         THE DEFENDANT:  Recently?

23         THE COURT:  Recently.

24         THE DEFENDANT:  No.

25         THE COURT:  In the past 24 hours, have you taken

Proceedings                                            18

1   any pills, drugs, or medicine of any kind?

2          THE DEFENDANT:  No.

3          THE COURT:  Have you ever been hospitalized of

4   treated for any drug-related problem?

5          THE DEFENDANT:  No.

6          THE COURT:  Have you ever participated in a

7   Court-ordered drug-treatment program?

8          THE DEFENDANT:  No.

9          THE COURT:  In the past 24 hours, have you

10  consumed any alcohol?

11         THE DEFENDANT:  No.

12         THE COURT:  Have you ever been hospitalized or

13  treated for any alcohol-related problems?

14         THE DEFENDANT:  No.

15         THE COURT:  Have you ever participated in a

16  Court-ordered alcohol-treatment program?

17         THE DEFENDANT:  No.

18         THE COURT:  Is your mind clear as you sit here

19  today?

20         THE DEFENDANT:  Yes.

21         THE COURT:  Do you understand everything being

22  said to you?

23         THE DEFENDANT:  Yes.

24         THE COURT:  All right.  Defense Counsel, have you

25  discussed the question of the guilty plea with your client,

Proceedings                                    19

1   sir?

2          MR. RICCO:  Yes, I have, Your Honor.

3          THE COURT:  In your view, Mr. Ricco, does he

4   understand the rights he would be waiving by pleading

5   guilty?

6          MR. RICCO:  Yes, sir, he does.

7          THE COURT:  Mr. Ricco, do you have any question as

8   to the competence of your client to proceed today?

9          MR. RICCO:  None whatsoever.

10          THE COURT:  Mr. Saleh, are you satisfied with the

11   assistance your attorneys have given you thus far in your

12   case?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Do you believe that you have received

15   the effective assistance counsel?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  If you believe you have not received

18   the effective assistance of counsel, you have the right to

19   appeal on that basis.

20          Mr. Ricco, do you and Mr. Zissou believe you need

21   more time to discuss the question of the guilty plea with

22   your client?

23          MR. RICCO:  No, Your Honor, we do not.

24          THE COURT:  Mr. Saleh, I previously offered to

25   read Count 2 and Count 3 of the Superseding Indictment out

Proceedings                                    20

1    loud to you.  Again, I ask you, do you need me to read them

2    out loud to you?

3                THE DEFENDANT:  No.

4                THE COURT:  Now, Mr. Saleh, you have a right to

5    plead not guilty.  No one can be forced to plead guilty.

6                Do you understand that?

7                THE DEFENDANT:  Yes.

8                THE COURT:  If you plead not guilty or if you

9    persist in your plea of not guilty, you have a right

10   under the Constitution and the Laws of the United States of

11   America to a speedy and a public trial before a jury of your

12   peers with the assistance of your counsel.

13               Do you understand?

14               THE DEFENDANT:  Yes.

15               THE COURT:  And at any trial, sir, you would be

16   presumed to be innocent.  You would not have to prove that

17   you were innocent.  This is because under our system of law,

18   it is the Government that must come forward with proof that

19   establishes beyond a reasonable doubt that you are guilty of

20   the crime charged.  If the Government fails to meet this

21   burden of proof, the jury would have the duty to find you

22   not guilty.

23               Do you understand?

24               THE DEFENDANT:  Yeah.

25               THE COURT:  At trial, witnesses for the Government

Proceedings                                    21

1    would have to come here to this courtroom and testify in

2    your presence.  Your counsel would have the right to

3    cross-examine these witnesses.  Your counsel could raise

4    legal objections to the evidence the Government sought to

5    offer against you.  Your lawyer could also offer evidence on

6    your behalf if you thought there was evidence that might

7    help you in your case.  Your lawyer could compel witnesses

8    to come to court and testify in your defense if you thought

9    that would help your case.

10             Do you understand?

11             THE DEFENDANT:  Yes.

12             THE COURT:  At a trial, sir, you would have a

13   right to testify in your own behalf if you wished to do so.

14   On the other hand, you could not be forced to be a witness

15   at your trial.  This is because under the Constitution and

16   Laws of the United States, no person can be compelled to be

17   a witness against himself.  If you wish to go to trial but

18   chose not to testify, the Court would instruct the jury that

19   it could not hold that against you.

20             Do you understand sir?

21             THE DEFENDANT:  Yes.

22             THE COURT:  If instead of going to trial, sir, you

23   elect to plead guilty to the crime charged, and if I accept

24   your guilty plea, you will be giving up your right to a

25   trial and all the other rights that I have just discussed.

Proceedings                                          22

1    There will be no trial in this case.  There will be no

2    appeal on the question of whether you did or did not commit

3    the offenses charged in Counts 2 and 3 of the

4    Superseding Indictment.  So in Paragraph 4 of your plea

5    agreement, you could appeal or otherwise challenge your

6    conviction or sentence only if the sentence I impose

7    exceeded 420 months of imprisonment.  If I thereafter impose

8    a sentence that exceeded 420 months of imprisonment, you

9    would have the right to appeal, or otherwise challenge that

10   sentence, to a higher court.

11            Do you understand that, sir?

12            THE DEFENDANT:  Yes.

13            THE COURT:  In summary, sir, you are waiving any

14   right to appeal or otherwise challenge your conviction or

15   sentence if this Court imposes a sentence at or below 420

16   months of imprisonment; you violate this agreement and file

17   an appeal resulting in your sentence being vacated, or set

18   asides or if you otherwise challenge your conviction or

19   sentence, you could very well face a much greater sentence

20   than the one you receive under this plea agreement,

21   specifically, a sentence of up to 15 years of imprisonment

22   for Count 2, and up to 20 years of imprisonment for Count 3,

23   which is the statutory maximum provided by the Congress of

24   the United States.

25            Do you understand, sir?

Proceedings                                                          23

 1          THE DEFENDANT:  Yes.

 2          THE COURT:  So to be crystal clear, if I were to

 3   sentence you to above 420 months, regardless of how I do it,

 4   you would have a right to appeal or otherwise challenge.

 5          If you could no longer at that point afford the

 6   fees and expenses associated with the appeal or challenge,

 7   including attorneys's fees, you can apply to this Court for

 8   the appointment of Counsel, and the fees and expenses would

 9   be paid at the prescribed rates set by the Government

10   pursuant to the authority of the Criminal Justice Act.

11          Do you understand, sir?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Nothing in the plea agreement,

14   however, prevents you from raising a claim of ineffective

15   assistance of counsel at an appropriate time and in an

16   appropriate forum.

17          Do you understand?

18          THE DEFENDANT:  Yes.

19          THE COURT:  If you do plead guilty, I will have to

20   ask you certain questions about what you did and where you

21   did it to satisfy myself that you are, in fact, guilty of

22   the charges contained in Counts 2 and 3 of the

23   Superseding Indictment.  You will have to answer my

24   questions and to acknowledge your guilt truthfully.  If you

25   do this, you will be giving up your right not to incriminate

Proceedings                                    24

1   yourself.

2          Do you understand?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Mr. Saleh, are you willing to give up

5   your right to a trial and all the other rights I have just

6   discussed with you?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Is there any other agreement, other

9   than the written plea agreement and the written proffer

10  agreement, if applicable, that has been reached or made with

11  you in order to get you to plead guilty?

12         MR. RICCO:  Your Honor, can you repeat the last

13  sentence?

14         THE COURT:  Yes.

15         Is there any other agreement, other than the

16  written plea agreement and written proffer agreements, if

17  applicable, that have been reached or that have been made

18  with you in order to get you to plead guilty?

19         THE DEFENDANT:  No.

20         THE COURT:  Sir, do you understand the

21  consequences of pleading guilty to Counts 2 and 3 of the

22  Superseding Indictment in terms of incarceration?

23         THE DEFENDANT:  Yes.

24         THE COURT:  I'm going to take you back to the plea

25  agreement and discuss with you some important information

Proceedings                                                    25

1    relative to sentencings.

2              Paragraph 1 of the agreement sets out the

3    statutory terms you face.  These are the penalties written

4    directly by Congress for violation of the statues that you

5    are charged with violated today.  For Count 2, you face a

6    minimum term of imprisonment of zero years and a maximum

7    term of imprisonment of 15 years.

8              Do you understand?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Count 3, you face a minimum term of

11   imprisonment of zero years and a maximum term of

12   imprisonment of 20 years.  The sentence imposed on Count 3

13   may run consecutively to the sentence imposed on Count 2,

14   sir.

15             Do you understand?

16             THE DEFENDANT:  Yes.

17             THE COURT:  For both counts you face a maximum

18   supervised release term of life following any term of

19   imprisonment.  In Paragraph 2 of your plea agreement, you

20   consent to a supervised release term of life.

21             Do you understand?

22             THE DEFENDANT:  Yes.

23             THE COURT:  For both counts, sir, if you violate a

24   condition of release, you may be sentenced to up to two

25   years of imprisonment without credit for prerelease from

Proceedings                                      26

1    prison or time previously served on postrelease supervision.

2              Do you understand, sir?

3              THE DEFENDANT:  Yes.

4              THE COURT:  For both counts you face a maximum

5    fine of $250,000.

6              Do you understand?

7              THE DEFENDANT:  Yes.

8              THE COURT:  You face a mandatory special

9    assessment of $100, which I am required by law to impose in

10   all cases per person per count.

11             Do you understand?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Mr. Saleh, if it were to be found that

14   you were not a United States Citizen, you could face the

15   possibility and removal from this country.

16             Do you understand that?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Mr. Saleh, this is a sentencing

19   guidelines case, so in sentencing you, the Court will have

20   to consider certain guidelines.  The guidelines do not

21   control the Court, but they inform the Court.

22             Has Defense Counsel discussed the sentencing

23   guidelines with the defendant?

24             MR. RICCO:  Yes, sir.

25             THE COURT:  In your view, does he understand them,

Proceedings                                    27

1   sir?

2           MR. RICCO:  Yes, Your Honor.

3           THE COURT:  Thank you.

4           Mr. Saleh, is that correct, has Counsel discussed

5   the sentencing guidelines with you?

6           THE DEFENDANT:  Yes.

7           THE COURT:  Sir, with respect to sentencing, the

8   Court will have to consider certain factors about you in

9   Counts 2 and 3 of the Superseding Indictment.  That

10  inevitably will lead this Court to a guidelines sentencing

11  range.  The Court is not required to sentence you within

12  that range.  This Court is empowered to impose a sentence

13  which is less than, equal to, or greater than that provided

14  by the guidelines.  But in all cases, including this one,

15  this Court must, and this Court will consult the applicable

16  guidelines sentencing range.

17          Before the Court imposes sentence, the Court will

18  receive a report prepared by the probation department which

19  will recommend a particular sentence to the Court.  You and

20  your lawyer have the opportunity to see that report.  If you

21  think that report is mistaken, incomplete, or simply wrong

22  in any way, you will have the opportunity to bring that to

23  the attention of the Court.

24          Mr. Saleh, do you have any questions for the

25  Court?

Proceedings                                    28

1          THE DEFENDANT:  No.

2          THE COURT:  Defense Counsel, do you have any

3    questions for the Court?

4          MR. RICCO:  No, sir.

5          THE COURT:  Is there anything else Defense Counsel

6    would like the Court to address?

7          MR. RICCO:  No, Your Honor.  Thank you.

8          THE COURT:  Does the Assistant United States

9    Attorney have any questions for the Court?

10         MS. KOMATIREDDY:  No, Your Honor.

11         THE COURT:  Is there anything else the Assistant

12   United States Attorney would like the Court to address at

13   this time?

14         MS. KOMATIREDDY:  No, Your Honor.

15         THE COURT:  Defense Counsel, do you know of any

16   reason why your client should not enter a plea of guilty to

17   Count 2 and Count 3 of the Superseding Indictment?

18         MR. RICCO:  No factual, legal reason why not,

19   Your Honor.

20         THE COURT:  Are you aware of any viable legal

21   defense to those charges?

22         MR. RICCO:  Yes, Your Honor.

23         THE COURT:  What are the viable legal defenses

24   that you're aware of?

25         MR. RICCO:  Other than a plea of not guilty,

```
                    Proceedings                  29
```

1   Your Honor.

2            THE COURT:  Other than that?

3            MR. RICCO:  None.

4            THE COURT:  Thank you.

5            Mr. Saleh, are you ready to plead?

6            THE DEFENDANT:  Yes.

7            THE COURT:  How do you plead to Count 2 of the

8   Superseding Indictment, S1, charging a violation of

9   *18 U.S.C., Section 2339(b)(A)(1)*, guilty or not guilty?

10           THE DEFENDANT:  Guilty.

11           THE COURT:  How do you plead to Count 3 of the

12   Superseding Indictment, S1, charging a violation of

13   *18 U.S.C., Section 2339(b)(A)(1)*, guilty or not guilty?

14           THE DEFENDANT:  Guilty.

15           THE COURT:  Are you making this plea of guilty

16   voluntarily?

17           THE DEFENDANT:  Yes.

18           THE COURT:  Are you making this plea of guilty of

19   your own free will?

20           THE DEFENDANT:  Yes.

21           THE COURT:  Has anyone threatened you to get you

22   to plead guilty?

23           THE DEFENDANT:  No.

24           THE COURT:  And has anyone forced you to plead

25   guilty?

Proceedings                                30

1          THE DEFENDANT:  No.

2          THE COURT:  Other than your agreement with the

3    Government, has anyone made you any promise that caused you

4    to plead guilty?

5          THE DEFENDANT:  No.

6          THE COURT:  Has anyone made you a promise about

7    the sentence that you will receive from this Court in this

8    case?

9          THE DEFENDANT:  No.

10         THE COURT:  Mr. Saleh, please describe briefly in

11   your own words what you did to commit the offense charged in

12   Count 2 and in Count 3 of the Superseding Indictment and

13   where you did it.

14         THE DEFENDANT:  Count 2, I sent money to someone

15   in October 2014 in the County of Queens to join ISIS.

16         THE COURT:  Mr. Saleh, in or about October of 2014

17   within the Eastern District of New York, and elsewhere, did

18   you, together with others, knowingly and intentionally

19   attempt to provide material support and resources as defined

20   in *Title 18 of the United States Code, Section 2339(a)(B),*

21   including personnel, to a foreign terrorist organization, to

22   wit, the Islamic State of Iraq and the Levant?

23         Did you do that?

24         THE DEFENDANT:  Yes.

25         THE COURT:  With respect to Count 3, sir, attempt

Proceedings                                            31

1   to provide material support to a foreign terrorist

2   organization.  In or about and between July of 2015 and

3   August of 2015, both dates being approximate and inclusive,

4   did you within the Eastern District of New York, and

5   elsewhere, together with others knowingly and intentionally

6   attempt to provide material support or resources as defined

7   in *Title 18, under the United States Code,*

8   *Section 2339(a)(B)*, including personnel, including yourself

9   to a foreign terrorist organization, to wit, the Islamic

10  State of Iraq and the Levant?

11          Did you do that?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Al right.  Is there anything else that

14  the Government would like for me to ask the defendant at

15  this time?

16          MS. KOMATIREDDY:  Yes, Your Honor.  We would ask

17  for the Court to ask questions as to the conduct in Count 2,

18  specifically that the defendant acknowledge that when he

19  sent money, he sent $500 to an individual overseas knowing

20  that that individual wanted to join ISIS.

21          THE COURT:  Did you send $500 to an individual

22  overseas knowing that that person wanted to join ISIS?

23          THE DEFENDANT:  Yes.

24          MS. KOMATIREDDY:  And also knowing that ISIS is a

25  foreign terrorist organization.

Proceedings                                                32

1          THE DEFENDANT:  Yes.

2          THE COURT:  And did you know it at the time you

3    sent the money -- or attempted to send the money?

4          THE DEFENDANT:  (No audible response.)

5          THE COURT:  Did you know that?

6          THE DEFENDANT:  Yes.

7          MS. KOMATIREDDY:  And that the money was

8    specifically to facilitate that individual's travel to Syria

9    to join ISIS?

10         THE COURT:  Did you know that it was to

11   specifically facilitate the travel of that individual to

12   Syria to join ISIS?

13         THE DEFENDANT:  Yes.

14         MS. KOMATIREDDY:  And with respect to Count 3,

15   Your Honor, we would ask that the defendant confirm that he

16   attempted to provide himself by traveling to the Middle East

17   to join ISIS?

18         THE COURT:  Did you attempt to join ISIS in the

19   Middle East by traveling there yourself --

20         THE DEFENDANT:  Yes.

21         THE COURT:  -- personally?

22         MS. KOMATIREDDY:  And that, again, during that

23   timeframe --

24         THE COURT:  I'm sorry.  I didn't hear the answer.

25         THE DEFENDANT:  Yes.

Proceedings                                              33

1          THE COURT:  Go ahead.

2          MS. KOMATIREDDY:  And that, again, during that

3   timeframe where you did so July 2015 and August of 2015, you

4   knew that ISIS was a foreign terrorist organization?

5          THE COURT:  Did you know during the time period

6   that's been referred to by Counsel, that ISIS was a

7   terrorist organization?

8          THE DEFENDANT:  Yes.

9          MS. KOMATIREDDY:  And that among those attempts,

10  one of the attempts occurred as he was attempting to depart

11  for the Middle East from John F. Kennedy Airport, which is

12  in the Eastern District of New York.

13         THE COURT:  Did you attempt to depart from

14  John F. Kennedy Airport here in the Eastern District of

15  New York for the purpose of joining ISIS in the Middle East,

16  sir?

17         THE DEFENDANT:  Yes.

18         MS. KOMATIREDDY:  That's all from the Government,

19  Your Honor.  Thank you so much.

20         THE COURT:  Thank you.

21         All right.  Is there anything else from the

22  defense counsel?

23         MR. RICCO:  No, Your Honor.

24         THE COURT:  Does the defendant have anything he

25  would like to say to the Court.

Proceedings                                    34

1           MR. RICCO:  No, thank you.

2           THE COURT:  No.  Does the defendant have anything

3    he would like to say --

4           MR. RICCO:  Oh, I'm sorry.

5           THE COURT:  -- to the Court?

6           THE DEFENDANT:  No.

7           MR. RICCO:  My apology, Your Honor.

8           THE COURT:  Based on the information provided to

9    this Court, I find that the defendant is acting voluntarily.

10   I find that the defendant fully understands the charges.  I

11   find that the defendant fully understands his rights, and I

12   find the defendant fully understands the consequences of his

13   plea.  The Court finds, moreover, there is a factual basis

14   for his plea.  I, therefore, accept the defendant's plea of

15   guilty to Counts 2 and 3 of the Superseding Indictment, S1,

16   charging violations of *18 U.S.C., Section 2339(b)(A)(1)*.

17           I hereby order the probation department to provide

18   the presentence investigation report within six months from

19   today's date, which is to say on or before January 24th of

20   2019.

21           Is there anything further that the prosecution

22   wishes to say today?

23           MS. KOMATIREDDY:  No, Your Honor.

24           THE COURT:  Anything further that Defense Counsel

25   wishes to say?

Proceedings                                          35

1          MR. RICCO:  No, Your Honor.  Other than I would

2    like to be present during the interview, and I'll get in

3    touch with Probation.

4          THE COURT:  Of course.  We'll make that happen.

5          Is there anything else that the defendant would

6    like to say to the Court today?

7          THE DEFENDANT:  No.

8          THE COURT:  Thank you.  The court is adjourned.

9    Thank you very much.

10          MR. RICCO:  Thank you very much, Your Honor.

11          THE COURT:  Thank you.

12          (Matter concluded.)

13

14                      --ooOoo--

15

16

17

18

19   *I (we) certify that the foregoing is a correct transcript*
     *from the record of proceedings in the above-entitled matter.*

20

     */s/ David R. Roy*                *October 24, 2021*
21    *DAVID R. ROY*                        *Date*

22

23

24

25