1

```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF NEW YORK

      UNITED STATES OF AMERICA,         ) Criminal
                                        ) No. 15-CR-517 (WFK)
                       Government,      )
                                        ) STATUS CONFERENCE
      vs.                               )
                                        ) Brooklyn, New York
      ALI SALEH,                        ) Date:  March 10, 2016
                       Defendant.       ) Time:  1:00 p.m.
```

TRANSCRIPT OF STATUS CONFERENCE
HELD BEFORE
THE HONORABLE JUDGE WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S

For the Government:      Saritha Komatireddy, AUSA
                         Melody Wells, AUSA
                         United States Attorney's Office
                         Eastern District of New York
                         271 Cadman Plaza East
                         Brooklyn, New York  11201
                         718-254-7000

For the Defendant:       Susan Kellman, Esq.
                         25 Eighth Avenue
                         Brooklyn, New York  11217
                         718-783-8200
                              -and-
                         Ezra Spilke, Esq.
                         Law Offices of Ezra Spilke
                         1825 Foster Avenue, Suite 1K
                         Brooklyn, New York  11230
                         718-783-3682

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription.

Court Reporter:          Annette M. Montalvo, CSR, RDR, CRR
                         Official Court Reporter
                         United States Courthouse
                         219 South Dearborn Street, Room 1902
                         Chicago, Illinois  60604
                         312-818-6683

2

1           (Proceedings commenced at 1:21 p.m., in open court,
2   to wit:)
3           THE COURT:  Let's go on the record.  I realize the
4   defendant -- let's call the case, Mr. Jackson.
5           THE COURTROOM DEPUTY:  Yes, Judge.
6           Criminal cause for status conference.  Docket No.
7   15-CR-517, *United States v. Saleh*.
8           Counsel, will you please state your appearances for
9   the record, and spell your first and last names for the court
10  reporter.
11          MS. KOMATIREDDY:  Saritha Komatireddy, for the
12  United States.  S-a-r-i-t-h-a, K-o-m-a-t-i-r-e-d-d-y.
13          Good afternoon, Your Honor.
14          THE COURT:  Good afternoon.  And with you?
15          MS. WELLS:  Melody Wells, also for the United
16  States.  M-e-l-o-d-y, W-e-l-l-s.
17          Good afternoon.
18          THE COURT:  Good afternoon.  Please be seated and
19  remain seated.
20          You, too, Ms. Kellman.  Please be seated and remain
21  seated.
22          MS. KELLMAN:  Good afternoon, Your Honor.  Susan
23  Kellman, K-e-l-l-m-a-n.  I am assisted at counsel's table by
24  Ezra Spilke.  E-z-r-a, S-p-i-l-k-e.
25          THE COURT:  Okay.  The defendant is not present.  I

1  just want to go through some quick preliminary matters.

2          We are here on a status conference.  There is a
3  force order in place to secure the presence of the defendant.
4  We can discuss in a minute whether everyone believes that
5  that's necessary or not.

6          The purpose of the conference is to respond to the
7  March 1 -- the Court to respond to the March 1, 2016 letter
8  his counsel, Ms. Kellman, filed with the Court, requesting on
9  notice to the government, requesting that the Court direct
10 that the defendant be taken to the Bureau of Prisons' hospital
11 facility in Butner, North Carolina, to undergo a comprehensive
12 psychiatric evaluation and treatment.

13         The Court is prepared and will sign an order that
14 essentially does that.  And I'm prepared to read that order
15 now, and then if we need to bring the defendant in to have the
16 order read in his presence, I'm happy to do that.

17         Let me read the order, and then counsel can advise
18 me if it is necessary to bring the defendant, who I understand
19 is in the building but not in the courtroom at the present
20 moment.

21         Order:  This matter comes before the Court on the
22 application of Robert L. Capers, United States Attorney for
23 the Eastern District of New York, by the Assistant United
24 States Attorneys.

25         It is hereby ordered, pursuant to Title 18, United

4

1  States Code, Section 4241(b), that the defendant, Ali Saleh,
2  be transferred forthwith from the Metropolitan Detention
3  Center in Brooklyn, New York, to a Bureau of Prisons facility
4  that performs psychiatric or psychological evaluations,
5  consistent with the provisions of that statute, defined as a
6  suitable BOP facility.
7           And it is further ordered that the BOP conduct a
8  psychiatric or psychological evaluation consistent with Title
9  18, United States Code, Section 4241(b) at a suitable BOP
10 facility.
11          And it is further ordered that the BOP complete the
12 evaluation of the defendant, Ali Saleh, within 30 days of the
13 defendant's transfer to a suitable BOP facility.
14          And it is further ordered that the BOP record the
15 results of the psychiatric or psychological evaluation to the
16 Court within a reasonable period of time following conclusion
17 of the evaluation.
18          Dated, Brooklyn, New York, March 10, 2016.  Signed
19 by this Court.
20          So I'm prepared to have this signed order entered,
21 if there's no objection from the government, and if there's no
22 objection from defense counsel.
23          I'm also prepared to have the defendant forcibly
24 brought into the courtroom to read the order in his presence,
25 if the parties believe that that's necessary.  But it will

1  have to be by force, as I understand it.
2          So I will hear from the prosecution first as to
3  whether or not you believe this order is appropriate, and then
4  whether or not you believe that I should have the Marshals
5  forcibly bring the defendant in to the presence of the Court
6  so that he's here for all matters affecting his liberty
7  interests.
8          MS. KOMATIREDDY:  Thank you, Your Honor.
9          Consistent with our letter filed with the Court, we
10 do believe the order is appropriate.  We defer to the Court on
11 whether the defendant's presence is necessary, and we --
12 obviously, it would be up to defense counsel to waive his
13 presence here.
14         THE COURT:  All right.  I will turn to defense
15 counsel.  What's your view?
16         MS. KELLMAN:  Your Honor, two things.
17         I don't know that the Court solicited any objections
18 to this order, but I would like to be heard very briefly about
19 the order.
20         THE COURT:  Oh, sure.  I'm sorry.  You have
21 objections to the order?
22         MS. KELLMAN:  One is just very technical.  But with
23 respect to Section 4241(b), that is actually the section that
24 authorizes the examination, but for a report, I think, you'd
25 also want to cite --

6

1   THE COURT:  A littler slower and a little clearer
2 for the court reporter.
3   MS. KELLMAN:  Sorry.
4   THE COURT:  Please.  Actually, a lot slower.
5   MS. KELLMAN:  Not a problem, Judge.  Sorry.
6   THE COURT:  Okay.
7   MS. KELLMAN:  The order references 18 USC Section
8 4224(b), which I believe --
9   THE COURT:  4241(b), on the copy I have.  Is that
10 not right?
11   MS. KELLMAN:  4241(b), which is the section of the
12 code that I believe orders the evaluation, but not a report.
13 And so I think the Court might want to also reference 4241(c).
14   THE COURT:  Let me ask the prosecution.  Do you also
15 believe that 4241(c) should be referenced as well?
16   MS. KOMATIREDDY:  I am looking at the statute,
17 Your Honor.  I believe it's 4241(b) that references the
18 examination report.  4241(c) is for a hearing, and we are not
19 at the point where we can yet determine whether a hearing is
20 necessary.
21   THE COURT:  Would it be appropriate to simply refer
22 to consistent with Title 18, United States Code, Section 4241,
23 and strike the parenthetical reference?  Does that work for
24 people?
25   MS. KOMATIREDDY:  That's fine with the government.

1  MS. KELLMAN:  That's fine, Judge.
2  THE COURT:  Is that acceptable to both sides?
3  MS. KELLMAN:  Yes, Judge.
4  MS. KOMATIREDDY:  Yes, Your Honor.
5  THE COURT:  Okay.  I will modify the signed order to
6  reflect that change, and referring to Section 4241.
7  What else?
8  MS. KELLMAN:  In the second order -- third ordered
9  paragraph, Your Honor, that the BOP complete the evaluation
10 within 30 days of the defendant's transfer to the facility.
11 My experience has been that they work as quickly as
12 they can, but I think if we order them to do it within 30
13 days, perhaps a report to the Court in 30 days, but in my
14 experience, I've never seen a report where an evaluation be
15 completed within 30 days.  And then don't really set a date
16 for the report, in any event.
17 I would leave it to their discretion since they are
18 the people who are examining him and they are a BOP facility,
19 or, alternatively, ask for a report from them in 45 days, just
20 so that we are sure that he's there and they are talking to
21 him.
22 THE COURT:  All right.  That's, perhaps, the
23 language, and I will hear from the prosecution, that the BOP
24 complete the evaluation of the defendant, Ali Saleh, within a
25 reasonable period of time.

1               Is that acceptable to the prosecution, or do you
2    want to have 30 days?  60 days?  90 days?  You tell me.
3               MS. WELLS:  Your Honor, I think the way that the
4    order is currently framed, the 30 days would start subsequent
5    to the defendant's transfer to a suitable facility, so the
6    clock on that wouldn't start ticking until he was actually
7    placed in a facility that was going to do the evaluation.  So
8    I believe the way that it is set up would work, without
9    hammering BOP in any undue fashion.
10              THE COURT:  But you're suggesting that we change the
11   language, in effect, if we're going to have the language
12   reflect what I am hearing, that the defendant, Ali Saleh, have
13   the complete evaluation within 30 days after the
14   defendant's -- well, it says defendant's transfer.  It should
15   perhaps be modified to say arrival at, and strike the words
16   "transfer to."  Arrival at a suitable BOP facility.  Perhaps
17   it can read:  Complete the evaluation of the defendant, Ali
18   Saleh, within 30 days of the defendant's arrival at a suitable
19   BOP facility, and insert the language, "or as reasonably soon
20   thereafter, as practicable."
21              MS. KOMATIREDDY:  That's fine for the government.
22              THE COURT:  It uses a word I don't like using, but
23   it makes the point.  Is that acceptable?
24              MS. KOMATIREDDY:  Yes, Your Honor.
25              MS. KELLMAN:  Yes, Your Honor.

1   THE COURT:  All right.  Now, anything else with
2 respect to the language of the order?
3   MS. KELLMAN:  No, Your Honor.
4   THE COURT:  Anything you want --
5   MS. KOMATIREDDY:  No, Your Honor.
6   THE COURT:  -- to say, Ms. Kellman, with respect to
7 the presence of your client?
8   MS. KELLMAN:  Your Honor, I am prepared to waive his
9 presence.
10   THE COURT:  All right.  Let me now read the order as
11 it will exist.
12   Order:  This matter comes before the Court on the
13 application of Robert L. Capers, United States Attorney for
14 the Eastern District of New York, by Saritha Komatireddy, and
15 Melody Wells, Assistant United States Attorneys.
16   It is hereby ordered, pursuant to Title 18, United
17 States Code, Section 4241, that the defendant, Ali Saleh, be
18 transferred forthwith from the Metropolitan Detention Center
19 in Brooklyn, New York, to a Bureau of Prisons, BOP, facility
20 that performs psychiatric or psychological evaluations,
21 consistent with the provisions of that statute, defined as,
22 quote, suitable BOP facility, closed quote, closed paren.
23   And it is further ordered that the BOP conduct a --
24 should be the BOP conducts a psychiatric or psychological
25 evaluation consistent with Title 18, United States Code,

1  Section 4241, any suitable BOP facility.
2           And it is further ordered that the BOP complete the
3  evaluation of the defendant, Ali Saleh, within 30 days of the
4  defendant's arrival at a suitable BOP facility, or as
5  reasonably soon thereafter as practicable.
6           And it is further ordered that the BOP report the
7  results of its psychiatric or psychological evaluation to the
8  Court within a reasonable period of time following the
9  conclusion of the evaluation.
10          Dated, Brooklyn, New York, March 10, 2016.  Signed
11 by the Court.
12          Is that acceptable, Counsel?
13          MS. WELLS:  Yes, Your Honor, it is.
14          MS. KELLMAN:  Yes, Your Honor.
15          THE COURT:  All right.  I am going to give this as
16 the order.  We will mark it Court Exhibit 1, for
17 identification.
18          Any objection to its admission in evidence?
19          MS. WELLS:  No, Your Honor.
20          MS. KELLMAN:  No, Your Honor.
21          THE COURT:  It is admitted.  And we will have it
22 marked, Mr. Jackson, Court 1.
23          (Court Exhibit 1 was received in evidence.)
24          THE COURT:  I have initialed the changes, and I will
25 put that with the typed version, so there's no confusion as to

11

1  the fact that the Court is the one that made the changes,
2  okay?  And it will obviously be part of the ECF record.
3             Now, we need to exclude time.  We've designated this
4  as a complex case so time is excluded, Mr. Jackson; is that
5  right?
6             THE COURTROOM DEPUTY:  Time is excluded until
7  October 24, Judge.
8             THE COURT:  Until October 24.
9             MS. KOMATIREDDY:  Your Honor, I do want to raise
10 one -- just flag one issue.  Hopefully, it won't be an issue,
11 but we want to give you a heads up in person.
12            As Your Honor set forth a scheduling order requiring
13 that the government CIPA brief be filed on March 18 of this
14 year, which is not this Friday, but next Friday, and as the
15 Court is well aware, the filing of that brief requires
16 approval at the highest level of the Justice Department.
17            THE COURT:  Luckily, I understand it on good
18 authority that the United States Attorney, her very self, will
19 be here tomorrow, at 3:45.
20            MS. KOMATIREDDY:  As do I, Your Honor, and --
21            THE COURT:  But somehow I suspect she will be
22 focused on a great many things, in addition to this.
23            MS. KELLMAN:  Besides Stephen Colbert.
24            MS. KOMATIREDDY:  That's my understanding.
25            THE COURT:  Correct.

1        MS. KOMATIREDDY:  We are doing everything we can to
2   move the various pieces of machinery in the Department of
3   Justice to comply with this Court's deadline.  There is some
4   possibility that we would need a very brief extension, I would
5   say, likely no more than a week.
6        THE COURT:  Why don't we give you a month.  That way
7   you do not have to come back and say you need more time.  And
8   you can delight the Court and Mr. Jackson by coming in after
9   just a week.
10       MS. KOMATIREDDY:  Fair enough.  Thank you,
11  Your Honor.  I appreciate that.
12       THE COURT:  You're welcome.  So we will change the
13  deadline from March 18 to what date, Mr. Jackson?
14       MS. KELLMAN:  That would be April 15, a Friday,
15  Judge.
16       THE COURT:  How appropriate.
17       MS. KOMATIREDDY:  And if we could -- out of an
18  abundance of caution, I do realize that there is a larger
19  exclusion of time in the case, but if we could exclude time
20  from today to April 15.
21       THE COURT:  I think we have excluded time to October
22  24.
23       THE COURTROOM DEPUTY:  Of 2016, Judge.  Correct.
24       THE COURT:  We have excluded time already to
25  October 24, 2016.  You want to exclude time beyond that, is

13

1  that what you're saying?
2          MS. KOMATIREDDY:  No, Your Honor.  Not beyond that,
3  just until the next court date.  So I guess that's it.
4          THE COURT:  Yes.  We've excluded it well beyond the
5  next court date.  So unless you want to retract it.
6          MS. KOMATIREDDY:  No.  I should just stop speaking.
7  No further questions.
8          THE COURT:  I often have that experience, usually at
9  home, when my wife suggests it's time for me to stop talking.
10          Madam Defense Counsel, do you have comments?
11          MS. KELLMAN:  Nothing.  Thank you, Judge.
12          THE COURT:  Really?
13          MS. KELLMAN:  It's hard for me to object to the
14 exclusion of speedy trial since I've asked the Court to send
15 my client to a facility, a BOP facility, to have him
16 evaluated.
17          THE COURT:  Well, I wasn't going to remind you that
18 you said you were ready to go to trial on Monday and order you
19 to go to trial next Monday.  I wasn't going to do that.  And
20 I'm not doing that.
21          MS. KELLMAN:  See, Judge, had I gone to trial that
22 next Monday, I don't think we would have any of these
23 problems.
24          THE COURT:  You know what, had Mr. Lincoln not sent
25 those armies south, I wouldn't be sitting here.

1           Okay.  Why don't we have a -- just a moment, please.
2           (Discussion was had off the record between the Court
3  and the US Marshals.)
4           THE COURT:  Just to be absolutely clear, there will
5  be another force order issued requiring your client to come to
6  court next time we are in court, should he decline to come
7  voluntarily.  The Court is prepared to do that.  Do you have
8  any objection to that?
9           MS. KELLMAN:  No, Your Honor.
10          MS. KOMATIREDDY:  No, Your Honor.
11          THE COURT:  Anything else I need to address before
12 we soldier on?
13          MS. KOMATIREDDY:  That's it from the government,
14 Your Honor.
15          MS. KELLMAN:  Your Honor, I'm just wondering if the
16 Marshal wouldn't mind putting my client in a room so that I
17 can try to talk to him.  But that's not going to happen?
18          THE COURT:  The whole purpose of your waiving his
19 presence --
20          MS. KELLMAN:  Downstairs.
21          THE COURT:  You say in a room.
22          THE US MARSHALL:  He wouldn't get out of his cell
23 for us to bring him to court.
24          MS. KELLMAN:  Oh, I see.
25          THE US MARSHALL:  How are we going to convince

15

1  him --
2       MS. KELLMAN:  I didn't know what was --
3       THE US MARSHALL:  Yeah.  He refused to come out of
4  his cell, that we placed him in.
5       MS. KELLMAN:  Did you not have enough chains?  He
6  likes a lot of chains.
7       THE US MARSHALL:  The problem is our order
8  specifically brings him here --
9       MS. KELLMAN:  Oh, I see.
10      THE US MARSHALL:  -- and that's why we went in front
11 of the Court to ask him, to ask the Court, does he need this
12 defendant to be up in court.
13      MS. KELLMAN:  Got it.
14      THE COURT:  Are you satisfied, Counsel?
15      MS. KELLMAN:  No, I had this last week downstairs,
16 but I think he's figured out a way -- last week, his way of
17 not seeing me was to insist that he have all the chains that
18 could possibly be put on him, and then the Marshals apologized
19 to me, but accommodated him.  And so he came in, wrapped in
20 chains, and that seemed to make him happy.
21      THE COURT:  I don't know that the Marshals need to
22 apologize, if the man likes wearing bling.  So it goes.  He
23 had a lot of chains on.
24      Anything else?
25      MS. KELLMAN:  No, nothing.  Thank you, Judge.

16

1         THE COURT:  Anything else?

2         MS. KOMATIREDDY:  Thank you, Your Honor.

3         THE COURT:  Thanks.  We're adjourned.

4         (Proceedings concluded at 1:39 p.m.)

7         * * * * *

8         **REPORTER'S CERTIFICATE**

9     I, ANNETTE M. MONTALVO, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings.

    Dated this 20th day of July, 2022.

/s/Annette M. Montalvo
Annette M. Montalvo, CSR, RDR, CRR
Official Court Reporter

*Annette M. Montalvo, CSR, RDR, CRR*
*Official Court Reporter*